IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

P<span>AMELA</span> H<span>ALL</span>,

        Plaintiff,

        vs.                               Case No. 16-2729-JTM

L<span>IFE</span> C<span>ARE</span> C<span>ENTERS OF</span> A<span>MERICA</span>, I<span>NC</span>., *et al.*,

        Defendants.

MEMORANDUM AND ORDER

Plaintiff Pamela Hall has sued her former employer Life Care Centers of America and her supervisor Michelle Yosick. Hall alleges that Life Care terminated her employment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, and the Age Discrimination in Employment Act, 29 U.S.C. § 623. In addition, Hall alleges that Life Care and Yosick violated her rights under the Family Medical Leave Act, 29 U.S.C. § 2601. The matter is before the court on Yosick's motion to dismiss the FMLA action against her as an individual.

Yosick seeks dismissal arguing the Complaint fails to allege sufficient facts justifying individual liability on her part as an "employer" for any alleged FMLA violation. Under

1

the FMLA, the term "employer" includes "any person who acts, directly or indirectly, in the interest of the employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). The FMLA regulations provide that this definition applies to "individuals such as corporate officers acting in the interest of an employer." 29 C.F.R. § 825.104(d) (same standard as "employer" under the Fair Labor Standards Act, 29 U.S.C. § 203(d)). Generally, an individual supervisor is not considered an "employer" under the FMLA absent some "corporate role beyond his managerial position." *Mondaine v. Am. Drug Stores, Inc.*, 408 F. Supp. 2d 1169, 1186 (D. Kan. 2006). See *Stuart v. Regis Corp.*, 2006 WL 1889970 at *6 (D.Utah July 10, 2006) (noting that "[i]ndividuals who have no corporate role beyond a managerial position are not employers under the FMLA").

Hall responds to Yosick's motion by noting that the defendants' Answer explicitly acknowledges that Yosick was Hall's supervisor and the Regional Vice President for Life Care. (Dkt. 9, ¶¶ 3, 11). And the original Complaint filed by Hall specifies that Yosick knew of her medical issues, and was involved in her termination. If the Complaint by itself is insufficient to establish that Yosick was an employer under the FMLA, Hall asks that the court grant her leave to add allegations relating to Yosick's role.

The court finds that amendment is not required, and denies the motion to dismiss. Defendant's motion relies in part on this court's decision in *Williamson v. Deluxe Fin. Servs.*, No. 03-2538-KHV, 2005 WL 1593603 (D. Kan. July 6, 2005), but *Williamson* was not resolved by a motion to dismiss. Rather, the court granted summary judgment finding that the individual defendants "never held corporate officer positions" and "did  did not have

2

sufficient responsibility or stature within Deluxe to warrant the imposition of personal liability under the FMLA." 2005 WL 1593603 at *9.

Yosick argues that allegations relating to her status as a vice president are conclusory, and insufficient to set forth a basis for her to be considered an "employer" under the FMLA. at 5. The court finds no basis for dismissing the action. The Complaint alleges that Yosick was Hall's "direct supervisor." (Dkt. 1, ¶¶ 3, 11). Yosick "provid[ed] input and ma[de] decisions as to [Hall's] termination." (Id. ¶ 2). Yosick was aware of her medical condition. (Id. ¶¶ 16, 26, 27). Yosick terminated Hall because she was not "dependable," based upon her taking FMLA leave (*Id*. at 30, 39).

It is true that the Complaint's discussion of Yosick's corporate role is not extensive, but the additional burden required for demonstrating Yosick's status as an "employer" under the FMLA is not substantial. As noted earlier, an individual may be subjected to FMLA liability if he or she had corporate responsibilities in addition to those of supervising the plaintiff. Notably, the Complaint identifies Yosick as the *Regional* Vice President of Life Care, which inherently suggests the possession of corporate duties over a substantial area, duties beyond the direct supervision of the plaintiff's employment.

All that the plaintiff need do at this stage of the litigation is demonstrate a factual basis for recovery which is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Complaint here meets this standard. *See Schneider v. IT Factor Prod'ns*, 2013 WL 6476555, *4 (E.D. Pa. Dec. 10, 2013) (denying motion to dismiss where "the Complaint includes allegations that, while sparse, allege that Defendant ... 'is the President and Chief

Executive Officer of IT Factor'" and had assumed "'direct responsibility for the supervision of employees'"); *Buser v. Southern Food Serv.*, 73 F. Supp. 2d 556, 562–64 (M.D.N.C. 1999) (same, where individual was identified as the Vice President of defendant corporation acting in the scope of employment). *Cf. Adams v. Shipman*, 2014 WL 4924299, *9 (M.D.N.C. Sept. 30, 2014) (dismissing action where plaintiff alleged two individuals "were corporate officers" but failed to allege they had "any direct involvement in the FMLA violation").

IT IS ACCORDINGLY ORDERED this 10th day of February, 2017, that the defendant's Motion to Dismiss (Dkt. 11) is hereby denied.

                                                                                                      s/ J. Thomas Marten  
                                                                                                   J. THOMAS MARTEN, JUDGE