# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA HALL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:16-cv-02729- JTM-KGG |
| ) | |
| LIFE CARE CENTERS OF ) | |
| AMERICA, INC. (D/B/A LIFE ) | |
| CARE CENTER OF KANSAS CITY ) | |
| MICHELLE YOSICK ) | |
| ) | |
| Defendants ) | |

### DECLARATION OF PATRICK G. REAVEY

1. I, Patrick G. Reavey, declare and state as follows:

2. I am over the age of 18 and have personal knowledge of the matters declared herein.

3. I am counsel for Pamela Hall in the above-captioned case.

4. Soon after I received deficient responses to Plaintiff's First Requests for Production of Documents in September of 2017, I reached out to defense counsel to discuss getting complete responses, and responsive documents.

5. Following a brief telephone conference with the Court and defense counsel on September 29, 2017 (the purpose of which was to resolve the deficiencies), I participated in an in-person meeting with defense counsel to work through deficiencies with Defendants' responses to Plaintiff's First Document Requests. Although the meeting resolved a few of the deficiencies, most remained and, as set forth in the attached correspondence (*See* yellow highlighting), undersigned counsel has reached out to defense counsel about the deficiencies, but defense counsel has not resolved them or given any indication as to if and when they will be addressed, other than to say the responses are "forthcoming", but that was at the end of November of 2017.

6. Regarding Plaintiff's Second Document Requests, Plaintiff's counsel Kevin Koc reached out to defense counsel to discuss deficiencies as to those responses, but there has been no response from defense counsel.

       7.     Given that the discovery deadline in this case is the end of March 2018, Plaintiff needs assistance from the Court to compel reasonable discovery.

       On this 12th day of January, 2018, I declare under penalty of perjury that the foregoing is true and correct.

                                      /s/ Patrick G. Reavey    .
                                            Patrick G. Reavey

From: "Nwonwu, Uzo" <UNwonwu@littler.com>
Date: November 29, 2017 at 11:01:41 AM CST
To: Patrick Reavey <patrick@reaveylaw.com>, "Angela_Whittle@ksd.uscourts.gov" <Angela_Whittle@ksd.uscourts.gov>, "Romano, Anthony" <ARomano@littler.com>, "Brogan, Cheryl A." <CBrogan@littler.com>, Kevin Koc <kkoc@reaveylaw.com>, "Bradley, Marie S." <MBradley@littler.com>, "preavey@desotoks.us" <preavey@desotoks.us>, Randy Tolle <rtolle@reaveylaw.com>, "Bendure, Sarah" <SBendure@littler.com>
**Subject: RE: 2:16-cv-02729-JTM-KGG Hall v. Life Care Centers of America, Inc. et al**

Patrick,

Sounds like this case slipped off our collective radars after the last conference.  ==Our supplemental responses to the interrogatories and first RFPs will be forthcoming.==  I am not aware of any follow up that you have done regarding the 2nd RFPs.

As to the motion to compel deadline, Defendants are not agreeable to the request since the deadline has already passed.

Also, please note that I will be out of the country beginning tomorrow, returning on December 7th, so in the event there are emails to us on this matter, I will be out of pocket and slow to respond.

Thank you.

Uzo Nwonwu, Associate
816.627.4446 Direct  816.817.1987 Fax  UNwonwu@littler.com
1201 Walnut Street, Suite 1450, Kansas City, MO 64106

Littler Mendelson | littler.com
Employment & Labor Law Solutions Worldwide



-----Original Message-----
From: Patrick Reavey [mailto:patrick@reaveylaw.com]
Sent: Tuesday, November 28, 2017 2:46 PM
To: Nwonwu, Uzo; Angela_Whittle@ksd.uscourts.gov; Romano, Anthony; Brogan, Cheryl A.; Kevin Koc; Bradley, Marie S.; preavey@desotoks.us; Randy Tolle; Bendure, Sarah
Subject: RE: 2:16-cv-02729-JTM-KGG Hall v. Life Care Centers of America, Inc. et al

Uzo,

Please provide responses to below questions:

1)   ==When are we going to get supplemented responses/documents to Plaintiff's two sets of document requests???== Ever since Judge Gale extended discovery by three months, nothing has happened. As previously discussed, I can't proceed with depositions until I get these from you.

2)   Plaintiff's Motion to Compel deadline on Plaintiff's First and Second document requests was 11/22/17, day before Thanksgiving. The date, on our end, inadvertently was not flagged and passed without an extension. I need to file a motion with the Court to preserve Plaintiff's right to file a motion to compel. Given status of things, I will ask for the deadline to be set for December 15, 2017. PLEASE LET ME KNOW BEFORE NOON TOMORROW ON WHETHER YOU WILL OPPOSE THE MOTION??

Thanks.

On Oct 19, 2017, at 12:36 PM, Nwonwu, Uzo <UNwonwu@littler.com> wrote:

Patrick,

I think – consistent with Judge Gale's comments – we should look to extend the deadlines for discovery in this matter. I understand your position regarding depositions and since we need to depose Plaintiff before you take the depos of our folks, I think moving the deadline out makes sense.

We are working on the items in my email below and will supplement when we have additional information. I, unfortunately, do not have a date certain to give you when that will be complete.  Thanks.

**Uzo Nwonwu,** Associate
816.627.4446 direct   816.817.1987 fax   UNwonwu@littler.com
1201 Walnut Street, Suite 1450 | Kansas City, MO 64106

<image002.jpg>    | littler.com
**Employment & Labor Law Solutions Worldwide**
**From:** Patrick Reavey [mailto:patrick@reaveylaw.com]
**Sent:** Tuesday, October 17, 2017 11:03 AM
**To:** Nwonwu, Uzo; Kevin Koc
**Cc:** Romano, Anthony; Randy Tolle
**Subject:** RE: Hall Matter - Discovery Discussion

Uzo,

So much of the below responses from you are still up in the air. When will you have definitive responses on these issues?? Also, are you guys going to agree to Plaintiff taking depositions beyond the discovery deadline as October is over half over and most of what we requested in discovery has not been produced by Defendants?? Obviously, we want complete responses to discovery before we take the depositions.

Thanks.

**Patrick G. Reavey, Attorney**
1600 Genessee, Ste. 303 | Kansas City, MO 64102
816-474-6300 office | 816-474-6302 facsimile
preavey@reaveylaw.com | www.reaveylaw.com

**From:** Nwonwu, Uzo [mailto:UNwonwu@littler.com]
**Sent:** Friday, October 13, 2017 3:27 PM
**To:** Patrick Reavey <patrick@reaveylaw.com>; Kevin Koc <kkoc@reaveylaw.com>
**Cc:** Romano, Anthony <ARomano@littler.com>
**Subject:** RE: Hall Matter - Discovery Discussion

Patrick,

Please see below.  Thanks.

**Uzo Nwonwu,** Associate
816.627.4446 direct   816.817.1987 fax   UNwonwu@littler.com
1201 Walnut Street, Suite 1450 | Kansas City, MO 64106

<image002.jpg>    | littler.com
**Employment & Labor Law Solutions Worldwide**
**From:** Patrick Reavey [mailto:patrick@reaveylaw.com]
**Sent:** Tuesday, October 10, 2017 1:59 PM
**To:** Nwonwu, Uzo; Kevin Koc
**Cc:** Romano, Anthony; Randy Tolle
**Subject:** RE: Hall Matter - Discovery Discussion

Uzo,

As discussed last week, I need to present the discovery disputes we were unable to resolve to Judge Gale. Although there were several you indicated Defendants would not be deviating from the positions stated in the served responses, there were several others that you were going to revisit, perhaps supplement. So as to not present things piecemeal to Judge Gale, please address below items before close of business this coming Thursday.

Thanks.

- **Reconsideration/Supplementation of Document Requests:**
  - RFP 2: You indicated you might produce personnel files for Jamie Corridini and Eric Doerhoff (two people who you say "approved" Hall's termination).  I am following up to see about production of Doerhoffer's file and will let you know. We are not agreeing to produce Corradini's file.

- o RFP 6: You were asked to clarify your response to make clear that Defendants are not withholding as privileged all documents "pertaining to the offering of a severance agreement." I believe our conversation was that based on the documents produced to date, we are not withholding anything based on privilege. We will provide a privilege log as part of our email production. The search terms you insisted on resulted in over 20,000 emails and so we are working to review and produce those.
- o RFP 7: Please produce personnel file of Eric Doerhoff. See above.
- o RFP 8: **Custodians**: please indicate whether Eric Doerhoff (and other employees responsive to the descriptors in the RFP, including in-house counsel) will be an additional custodian whose "documents, emails, texts, or other electronic ommunications" will be searched using the search terms in the RFP? **Devices**: from our meeting, sounds like the only device (outside of the company server) that has been searched is Yosick's cell phone. Please indicate if anyone else's devices (laptops, desktops, cell phones) are going to be searched?? FYI, the information I've been provided is that Life Care paid a portion of employee's monthly cell phone bills in exchange for the employees using the phones for work purposes. Thus, Defendants' position that they don't need to search personal cell phones doesn't fit because Life Care paid part of the bill. **Search Terms:** You indicated a "diligent" search was done of Yosick's cell phone, but you made it clear the search terms called for by RFP 8 were not used in searching the phone. Please indicate whether you will run the search terms of RFP 8 on Yosick's cell phone? These same questions also apply to the searches called for by RFP 28, 30, 31, 34, 35, 38, 40, My understanding is that Doerhoffer was one of the custodian's searched. The search comprised emails and LCCA sytem drives. We have asked the other custodians to provide any non-LCCA system documents regarding Plaintiff as relates to her employment with Life Care. The search on Yosick's phone was done by reviewing the text messages with the custodians and providing what was there with the search terms. It is not clear how different a search term search would be.
- o RFP 14: You were going to check to see if the Employee Handbook provided to us is only Handbook in force during Hall's employment?? Doesn't appear that it was as it indicates it was modified in 2016. We have a 2008 handbook that we will produce.
- o RFP 15, 16, 18: You were going to revisit objections, and what was indicated would be produced. I am following up on the FMLA policy you referenced during our meeting.
- o RFP 20: I don't believe we discussed this RFP, but we are entitled to the files requested. The terms in the RFP are straightforward – essentially any files that were created and/or maintained by Defendants to collect information or documents about complaints made against or about Yosick. Please indicate if Defendants are going to produce anything besides Yosick's personnel file? Her personnel file is the only file maintained on her based on knowledge to date.
- o RFP 21: Another one we didn't specifically discuss, but we are entitled to a complete response, and it is improper for Defendants to limit the communications to email, particularly when you have already indicated Yosick's phone was

- searched. Additionally, "communications connected therewith" (e.g. forwards of texts or emails, commenting about the communications, etc.) need to be produced as well.  we have produced Plaintiff's communication with Yosick following the meeting and will supplement in the event we find any more as part of the email search.  Our response is complete.
    - RFP 26:  If Lifecare is going to continue to maintain that it didn't receive Hall's revocation via fax, it is our position that Hall is entitled to any logs (of send and receive) for the month of February of 2016. You indicated you would be checking into this issue.  As I indicated, our client is looking into how to obtain the send and receive data from the fax.  I don't have that data yet.
    - RFP 27:  To avoid further disputes about this RFP, I indicated we would limit it to the States of Kansas and Missouri for the past 5 years. You indicated you would check on this.  Yes, I indicated I would check and supplement.
    - RFP 39:  We have not been produced any of these responsive documents. The Employee Handbook produced specifically references a separate FMLA policy, but even that hasn't been produced.  We will provide the relevant handbook for that period, which contains the FMLA policy, as well as the referenced policy in the handbook.

? **Native Copies:** Defendants produced pages 190 and 193 previously. Page 190 references notes (attached to the email) about Yosick's resignation, but the notes were not produced. Page 193 references a resignation email by Glenda Crellin, but that email is not included. **Please produce native copies of the emails referenced in pages 190 and 193.  These emails were part of a personnel file.  We produced the personnel file.  I'm not aware of any authority supporting discovery into the natives of documents that are part of a personnel file.**

<image003.png>

**Patrick G. Reavey, Attorney**
1600 Genessee, Ste. 303 | Kansas City, MO 64102
816-474-6300 office | 816-474-6302 facsimile
preavey@reaveylaw.com | www.reaveylaw.com