# EXHIBIT  B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA HALL,                          )
                                      )
                Plaintiff,            )
                                      )
        vs.                           )          Case No. 2:16-cv-02729-JTM-KGG
                                      )
LIFE CARE CENTERS OF                  )
AMERICA, INC. (D/B/A LIFE CARE        )
CENTER OF KANSAS CITY), et al.,       )
                                      )
                Defendants.           )

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH NAMED DEFENDANT

Defendants Life Care Centers of America, Inc. ("Life Care") and Michelle Yosick ("Yosick") (collectively, "Defendants"), for their responses to Plaintiff's First Requests for Production of Documents to Each Named Defendant, state as follows:

## REQUESTS FOR PRODUCTION

1.     Copies of any files maintained by any defendant on Plaintiff [and copies should be produced exactly as the files are maintained by that defendant, including copies of any electronic or paper folders where the documents were placed], which files represent personnel, evaluative, performance, or investigative type documents that were collected and/or maintained by any defendant, or any employee of LCCA administrative, management, or Human Resources departments, including but not limited to any files created or maintained after Plaintiff filed her Charge of Discrimination, but this Request is not intended to include any files created by Defendants' legal counsel after Plaintiff's Complaint was filed in Court.

**RESPONSE:** Life Care has produced personnel records it maintained on Plaintiff as LCCA000001-123. Life Care has no responsive non-privileged file created or otherwise maintained after Plaintiff filed her Charge of Discrimination.

2.   Personnel files [to include any personnel or complaint related documents maintained by Human Resources or management] of any employee of LCCA who gave any input (factual, legal, Human Resources, or otherwise) into, or participated in, Plaintiff's termination, and/or the decision to terminate and/or offering Plaintiff a severance agreement.

**OBJECTIONS:** Life Care objects to this request as overly broad and unduly burdensome as it is not limited to the claims and defenses in this action. As such, this request seeks documents which are not at issue, not relevant, and not proportional to the claims at issue in this action. Further, Life Care objects to this request as vague and ambiguous in the files it seeks as it does not identify the file sought with any specificity. This request also ostensibly seeks the confidential personnel files of nonparties to this action who have not consented to disclosure. Given the above, the request amounts to nothing more than a fishing expedition.

**RESPONSE:** Michelle Yosick, Plaintiff's supervisor at the time of her termination met with Plaintiff to discuss her resignation and offer the severance agreement. She is a party to this action. Life Care will produce her personnel file other than her personal information.

Plaintiff's job performance was not meeting the expectations of either of the Defendants, or resulted in either of the Defendants believing that Plaintiff should be offered a severance agreement in return for her resignation.

**OBJECTIONS: Life Care objects to this request as potentially seeking documents which are protected from disclosure under the attorney-client privilege and/or the work product doctrine to the extent it seeks documents pertaining to the offering of a severance agreement.**

**RESPONSE: Life Care has produced any non-privileged responsive documents and will timely supplement with any additional documents.**

7.     Personnel files of any LCCA employee who had supervisory authority over Plaintiff at the time Plaintiff's employment ended.

**OBJECTIONS: Life Care objects to this request as overly broad and unduly as it is not limited or specific as to what counts as "supervisory authority." As such, this request seeks documents which are not at issue, not relevant, and not proportional to the claims at issue in this action and is vague and ambiguous. This request also seeks the confidential personnel files of non-parties to this action who have not consented to disclosure. Given the above, the request amounts to nothing more than a fishing expedition.**

**RESPONSE: Michelle Yosick was Plaintiff's direct supervisor. She is a party to this action. Life Care will produce her personnel file other than her personal information.**

8.    Any documents, emails, texts, or other electronic communications possessed by or under the control of any of the Defendants which are responsive to electronic searches [structured to identify anything with Plaintiff's first name (Pam, Pamela) or Plaintiff's last name (Hall), but excluding those documents: (a) Sent to Plaintiff while still employed at LCCA; and (b) with a creation date outside of the time period starting January 1, 2015 and up until LCCA received formal notice from the EEOC of Plaintiff's filing of a Charge of Discrimination], said searches to be conducted on any mobile phones, computers, hard-drives, servers, or other electronic devices used for any LCCA business or work purposes by Annette Sharp, Jamie Corrandini, Michelle Yosick, and/or any other employee of LCCA [but only employees who gave input into (factual, legal, Human Resources, or otherwise) and/or made decisions that: (i) Plaintiff's employment should be terminated, (ii) that Plaintiff's job performance was not meeting the expectations of either of the Defendants, (iii) that Plaintiff should be offered a severance agreement in return for her resignation, and/or (iv) employees who were interviewed or questioned about facts regarding items (i) through (iii)].

**OBJECTIONS: Life Care objects to this request as overly broad, unduly burdensome, and practically impossible to reasonably respond to.  Given the commonality of Plaintiff's name, a search, without any modifiers or limitations for just her first or last name is unreasonable.  Additionally, while the request identifies specific users, the request is actually not limited to those users; rather, for example, the request asks for searches of entire servers—unlimited in the users searched— based merely on the fact that one of the identified users has at some time accessed the server for business/work purposes.  Further, the request requires that Life Care**

conduct searches on private systems and devices of non-parties in order to respond to this request.   Life Care also objects to this request as seeking documents which are not at issue, not relevant, and not proportional to the claims at issue in this action.  The request is harassing and nothing more than a fishing expedition. Life Care further objects to this request as seeking documents which are protected from disclosure under the attorney-client privilege and the work-product doctrine.  Life Care, per the parties' agreement, will not produce any such documentation that post-dates the litigation of Plaintiff's claims.

9.      Personnel and/or investigation files, or legal files, of or about any LCCA employees who, within the last 5 years and within Michelle Yosick's geographical territory of responsibility, made a claim or complaint (that either of the Defendants has a written record of [formal or informal]) that they believed they had been discriminated or retaliated against by LCCA (or any of its employees) based on age, disability, or the exercise (or attempted exercise) of FMLA leave, or other medical leave.

OBJECTIONS: Life Care objects to this request as seeking documents which are not at issue, not relevant, and not proportional to the claims at issue in this action to the extent it seeks entire personnel and/or investigation files.  Life Care further objects to this request as improperly seeking entire personnel files of non-parties to this action which are private and confidential.  The personnel files of employees who have made any such claims have no bearing on this action.  Life Care further objects to this request as potentially seeking documents that are protected from disclosure under the attorney-client privilege and/or the work

**RESPONSE: Life Care will produce a copy of the employee handbook applicable to Plaintiff and in effect during her employment.**

15.    Copies of all handbooks, manuals, and policies applicable to, and/or used by, any member of LCCA's Human Resources Department during the last 5 years and as part of their job duties for LCCA.

**OBJECTIONS: Life Care objects to this request as overly broad and unduly burdensome as it is not sufficiently limited in scope or subject matter. As such, this request seeks documents which are not at issue, not relevant, and not proportional to the claims at issue in this action. Life Care further objects to this request as vague and ambiguous in its use of the phrase "applicable to, and/or used by, any member of LCCA's Human Resources Department" as Life Care cannot reasonably determine the universe of documents that would be responsive to a reasonable interpretation of this request.**

**RESPONSE: Life Care will produce any documents in use during Plaintiff's employment, reflecting written Human Resources policies or training documents – separate from the employee handbook, which Life Care has already agreed to produce – that pertain to FMLA leave and discrimination.**

16.    For the past 5 years, all documents distributed as part of, and/or reflecting, structured training (e.g. seminars, videos, guest speakers, etc.) on disability and/or age discrimination and family medical leave received by any LCCA Human Resources employees, management employees, or "other employees" [but "other employees" shall mean only those employees who gave input into (factual, legal, Human Resources, or

otherwise) and/or made decisions that: (a) Plaintiff's employment should be terminated, (b) that Plaintiff's job performance was not meeting the expectations of either of the Defendants, (c) or that Plaintiff should be offered a severance agreement in return for her resignation].

**OBJECTIONS: Life Care objects to this request as overly broad and unduly burdensome as it is not sufficiently limited in scope or subject matter. As such, this request seeks documents which are not at issue, not relevant, and not proportional to the claims at issue in this action. Life Care further objects to this request as vague and ambiguous as Life Care cannot reasonably determine the universe of documents that would be responsive to a reasonable interpretation of this request.**

**RESPONSE: Life Care will produce a copy of its employee handbook and any separate training documents on disability and/or age discrimination or the FMLA that were given during Plaintiff's employment.**

17.     Copies of any liability insurance that is or may provide insurance coverage or a duty to defend for the claims asserted against any of the Defendants by Plaintiff.

**RESPONSE: Life Care is self-insured.**

18.     The native versions of all drafts of the Separation Agreement provided to Plaintiff by Michelle Yosick, as well as the native version of the Separation Agreement provided to Plaintiff by Michelle Yosick.

**OBJECTIONS: Life Care objects to this request as seeking information that is protected from disclosure under the attorney-client privilege and/or the work-**

product doctrine.  Life Care further objects to this request as exceeding the scope of the parties' agreement and/or the Court's order regarding production formats.

19.    All communications created or exchanged prior to the date Plaintiff filed her Complaint in the District Court of Kansas, which communications are about or related to the Separation Agreement provided to Plaintiff by Michelle Yosick, and Plaintiff's revocation of the same (even if Defendants maintain there was no revocation).

OBJECTIONS:  Life Care objects to this request as seeking information that is protected from disclosure under the attorney-client privilege and/or the work-product doctrine.

20.    Any personnel, complaint, or investigation files maintained by any of the Defendants on Michelle Yosick.

OBJECTIONS:  Life Care objects to this request as overly broad and unduly burdensome as it is not limited to the claims and defenses in this action.  As such, this request seeks documents which are not at issue, not relevant, and not proportional to the claims at issue in this action.  Further, Life Care objects to this request as vague and ambiguous in the files it seeks as it does not identify the files sought with any specificity.

RESPONSE:  Life Care will produce Yosick's personnel file without her personal information.

21.    All documents either of the Defendants sent to, or received from, Plaintiff following the February 11, 2016 meeting between Michelle Yosick and Plaintiff, and any communications connected therewith.

**OBJECTIONS: Life Care objects to this request to the extent it seeks documents sent to an entity, and not anyone specifically employed at Life Care. For this reason, this request is overly broad and unduly burdensome. Moreover, it seeks documents that are equally and/or readily available to Plaintiff.**

**RESPONSE: Life Care will produce any additional documents Plaintiff sent to Yosick and/or any member of Life Care's management or Human Resources at his or her work email address, which are responsive to this request.**

22.    Any documents or communications referencing that audio recordings were made by any of the Defendants of any conversations or telephone calls that Plaintiff was a part of, and copies of the recordings themselves.

**RESPONSE: Life Care is unaware of any documents responsive to this request.**

23.    Any and all of Defendants' documents that contain the directive, policy or requirement that Defendants contend Plaintiff violated, and any documents or communications referencing that one or more of said documents were provided to Plaintiff, or that Plaintiff received training specifically as to the responsive documents.

**RESPONSE: Life Care will produce any non-privileged documents responsive to this request.**

14

information Plaintiff seeks from these files that is relevant or proportional to her claims.

26.    For the month of February of 2016, all data stored on LCCA's fax machine that is affiliated with LCAA's fax number of 314-569-4177.

**OBJECTIONS:** Life Care objects to this request as overly broad any unduly burdensome to the extent it seeks, without specificity, all data from the identified fax machine for a one month period. This request seeks data that is not at issue, not relevant, and not proportional to the claims at issue in this action.

**RESPONSE:** Life Care has and is continuing to conduct a reasonably diligent search for documents responsive to this request and will supplement in the event it obtains any such responsive documents.

27.    The documents reflecting reports of facility deficiencies and/or deficiencies placed or reflected as to the license (nursing or otherwise) of an administrator – as to any LCCA Executive Directors, or other direct reports of Michelle Yosick and which put the administrator or facility at risk of losing or suspension of licensure from the state.

**OBJECTIONS:** Life Care objects to this request as overly broad and unduly burdensome as it is not limited to any time period. As such, this request seeks documents which are not at issue, not relevant, and not proportional to the claims at issue in this action.

**RESPONSE:** Life Care will produce copies of any facility deficiencies for the location at which Plaintiff was employed during her employment.

28.     To the extent it is not already responsive to Request for Production 8, any documents, emails, texts, or other electronic communications possessed by or under the control of any of the Defendants which are responsive to electronic searches [structured to identify anything with Plaintiff's first name (Pam, Pamela) or Plaintiff's last name (Hall), but excluding (a) e-mails distributed to all employees at the facility which employed plaintiff, (b) e-mails distributed to all employees of Defendant, and (c) those documents with a creation date outside of the time period starting January 1, 2015 and up until LCCA received formal notice from the EEOC of Plaintiff's filing of a Charge of Discrimination], said searches to be conducted on any mobile phones, computers, hard-drives, servers, or other electronic devices used for any LCCA business or work purposes by Jaimie Corrandini, Annette Sharpe and/or Michelle Yosick.

**RESPONSE: Life Care incorporates herein and refers Plaintiff to its objections and response to RFP No. 8 above.**

29.

30.     To the extent it is not already responsive to requests 8 or 28, any documents, emails, texts, or other electronic communications possessed by or under the control of any of the Defendants, in paper and electronic and native form, which reflect or discuss evaluation of whether Hall was eligible for or on FMLA leave between January 1, 2015 and February 28, 2015.

**OBJECTIONS: In addition to the objections incorporated below, Life Care objects to this request's form of production as exceeding the scope of the parties' agreement and/or the Court's order regarding production formats.**

**RESPONSE: Life Care incorporates herein and refers Plaintiff to its objections and response to RFP No. 8 above.**

31.    To the extent it is not already responsive to requests 8 or 28, any documents, emails, texts, or other electronic communications (including Facebook messages or communication through any other social network) between Yosick and any third party – including Plaintiff – that discusses or refers to Plaintiff or Plaintiff's claims, and such communications are dated after January 1, 2015.

**OBJECTIONS: Life Care objects to this request as seeking information that is protected from disclosure under the attorney-client privilege and/or work product doctrine. Life Care will not produce any documents that post-date the litigation.**

**RESPONSE: Life Care will produce the responsive information as detailed in response to RFP No. 8 and will provide any additional communications otherwise responsive to this request and not elsewhere referenced and produced.**

32.

33.    The billing records reflecting text transmissions by Defendant Yosick to or from Pamela Hall dated after January 1, 2015.

**OBJECTIONS: Life Care objects to this request as vague as it is unclear what documents or records Plaintiff is seeking in response to this request.**

**RESPONSE: Life Care has produced text messages exchanged between Plaintiff and Yosick and will produce any additional text messages obtained.**

34.    To the extent it is not responsive to requests 8 or 28, any documents, emails, texts, or other electronic communications received from Hall and/or her physician

that discuss, relate or refer to Hall's medical conditions (including her mental health and/or the boil she developed) in 2015.

**RESPONSE: Life Care has produced personnel documents it has related to Plaintiff that contain any information Life Care has responsive to this request.**

35.     To the extent it is not responsive to requests 8 or 28, any documents, emails, texts, or other electronic communications discussing and/or transmitting documents received from Hall and/or her physician that discuss, relate or refer to Hall's medical conditions (including her mental health and/or the boil she developed) in 2015.

**RESPONSE: Life Care has produced personnel documents it has related to Plaintiff that contain any information Life Care has responsive to this request.**

36.     Any documents, emails, texts, or other electronic communications exchanged between Annette Sharp and Jaimie Corradini that discuss or evaluate employee medical leave requests (including FMLA), but limited in scope as follows:

a. the four medical leave requests that were made by an LCCA employee on or before February 1, 2015 and;

b. the four medical leave requests that were made by an LCCA employee on or after February 2, 2015.

**OBJECTIONS: Life Care objects to this request as seeking documents which are not at issue, not relevant, and not proportional to the claims at issue. This request is harassing and nothing more than a fishing expedition.  Life Care further**

objects to this request as seeking the private and confidential information of non-parties to this action who have not consented to disclosure.

37.

38.     To the extent it is not responsive to requests 8, 28, or 37, any documents, emails, texts, or other electronic communications exchanged between Annette Sharp and Jaimie Corradini that discuss, refer or evaluate, any request by Plaintiff for medical or FMLA leave between January 20, 2016 and February 20, 2016.

**RESPONSE: Life Care incorporates herein and refers Plaintiff to its objections and response to RFP No. 8 above.**

39.     All documents, policies and procedures which discuss and outline Defendant LCCA practices regarding FMLA leave (including: when or whether to issue requests for medical certification, when or whether to issue an individualized notice to an employee, when or whether to deny FMLA leave requests, etc...) in effect during the time period of January 1, 2015 through June 30, 2015.

**RESPONSE: Life Care will produce a copy of its FMLA policy and any FMLA training or compliance materials used during Plaintiff's employment.**

40.     To the extent it is not responsive to requests 8 or 28, any documents, emails, texts, or other electronic communications exchanged by Annette Sharp, Jamie Corrandini and/or Michelle Yosick that reflect or refer to Plaintiff's desire to resign her employment.

**RESPONSE:** Life Care incorporates herein and refers Plaintiff to its objections and response to RFP No. 8 above.

Respectfully submitted,

/s/ Uzo N. Nwonwu
Anthony J. Romano, #13486
Uzo N. Nwonwu, #23492
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
aromano@littler.com
unwonwu@littler.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2017, the above and foregoing was served via email, in Adobe PDF format, to the following counsel of record:

Patrick G. Reavey
Kevin Koc
REAVEY LAW LLC
Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, MO  64102
preavey@reaveylaw.com
kkoc@reaveylaw.com

ATTORNEYS FOR PLAINTIFF

/s/ Uzo N. Nwonwu
Attorney for Defendants

21