IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA HALL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 16-2729-JTM-KGG |
| LIFE CARE CENTERS OF ) | |
| AMERICA, INC. ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER CONTINUING PRETRIAL CONFERENCE**

On March 15, 2018 the Magistrate Judge conducted a scheduled Pretrial Conference. The Plaintiff appeared by and through her attorneys, Patrick G. Reavey and Kevin C. Koe. The Defendants appeared by and through their attorneys, Anthony J. Romano and Uzo N. Nwonwu. In accordance with the Scheduling Order (Doc. 51), the parties have submitted a draft Pretrial Order (Attachment 1).

Numerous disputes concerning the pleadings in this matter, and concerning the status of discovery, prevent the Court from entering a final Pretrial Order at this time. There is a pending Motion to Enforce Discovery (Doc. 58) which was filed on January 12, 2018, and became ripe on February 23, 2018. A Motion for Sanctions (Doc. 75) was filed with a reply to the previous motion. A response to that motion was filed on March 9, 2018 (Doc. 80). Defendant Yosick filed a contested motion to file her Answer out of time on March 2, 2018 (Doc. 78). An additional motion by the Defendants to Strike some of Plaintiff's pleadings relating to the Motion to Enforce Discovery or, alternatively, requesting leave to file additional pleadings (Doc. 79) was filed by Defendants on March 9, 2018. This motion is not yet ripe.

In addition to these disputes, the draft Pretrial Order (Attachment 1) contains numerous disputes relating to claims and defenses plead, or to be plead. Some of these issues require resolution of the pending filed motions. However, some issues are raised by objection in the draft Pretrial Order and require independent resolution by the Magistrate Judge. The Magistrate Judge has determined that additional briefing is needed concerning some of these objections. The Magistrate Judge makes the following rulings and ORDERS:

**Objections to Defenses Not Asserted in the Answer.  Defendant to file a motion.**

Plaintiff objects to the Defendants' assertion of the defense of lack of standing. (Pg. 2, para. A., footnote 1, and pg. 14 para.15 and footnote 5). The Court notes that this defense was not explicitly raised in the Answer of Defendant Life Care Centers (Doc. 9) or in the proposed Answer of Defendant Yosick (Doc. 78-1). An issue is whether this defense is an affirmative defense which is required to be plead under Fed. R. Civ. P. 9 and, thus, would require a motion to amend be filed to add the defense. The deadline to file a motion to amend was May 17, 2017 (Doc. 19, this deadline was not extended in subsequent scheduling orders). Therefore, as to this defense, Defendants are **ORDERED** to file a Motion to Amend to raise this defense addressing at least the following issues: (1) whether the defense of lack of standing is an affirmative defense which is waived if not raised under Rule 9; (2) if the defense must be plead, whether a motion to amend out of time should be considered; and (3) whether a motion to amend should be granted. In briefing this issue, the parties should address any unfair prejudice that would be caused by an amendment and any additional discovery that would be required.

Plaintiff's objection to the raising of the defense of "after-acquired evidence" (pg. 14, para. 16 and footnotes 5 and 6) shall be an additional issue addressed by the Defendant in the Motion to Amend order above. (Note: it is not clear to the Magistrate Judge that this is an

affirmative defense within the meaning of Rule 9, but parties may address that issue in briefing the motion.)  The same Order is issued as to the affirmative defenses raised and objected to in paragraph 17 (page 15 and page 16 footnote 7).

## **Substantive Issues are Reserved for the District Judge**

The Plaintiff's objection to Defendant's assertion in the Draft Pretrial Order that the Plaintiff did not suffer an adverse employment action (Draft Pretrial Order, page 12, paragraph 1 and footnote 3) is **overruled**.  Although the Magistrate Judge agrees that this contention seems perplexing considering the admission in the Answer that the Plaintiff was terminated, this is a substantive issue better reserved for the District Judge. The specific substantive objection to the standing defense stated in footnote 8 (page 19) is overruled without prejudice to being addressed as a substantive issue with the District Judge.

The Plaintiff's objection to Defendants' contention number 7 (page 12-13, footnote 4) is **overruled**. The parties have had ample opportunity to conduct discovery concerning the factual basis of this issue.

## **Additional Discovery Issues and Orders**

The Draft Order also reflects disagreement concerning additional discovery.  The discovery deadline has passed.  Any party wishing to conduct additional discovery without the agreement of the opposing party shall file a motion to conduct additional discovery.  Said motion should also explain why the motion was not filed before the conclusion of discovery and state whether the proposed discovery will be necessary for briefing of dispositive motions. Furthermore, the parties indicated during the conference that a disagreement may persist concerning discovery that is not currently the subject of a motion.

Therefore, the Defendants shall file a Motion to Amend, addressing the objections to defenses raised in the Draft Pretrial Order.  The Plaintiff shall file any unfiled motion relating to discovery.  Any party seeking additional discovery which can be taken by agreement shall file a motion to do so.  <u>All motions described in this Order shall be filed by</u> **April 6, 2018**.

During the conference, Plaintiff made an oral motion to file a sur-reply relating to the motion to File an Answer Out of Time.  That motion is **DENIED.**

The Pretrial Conference is recessed, to be reset by the Magistrate Judge upon resolution of these pending issues.  The deadline to file dispositive motion is suspended, and the trial date cancelled, to be reset later.

IT IS SO ORDERED this 16th day of March, 2018.

                                                s/ Kenneth G. Gale
                                                KENNETH G. GALE
                                                UNITED STATES MAGISTRATE JUDGE