# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 16-2729-JTM-KGG |
| | ) |
| LIFE CARE CENTERS OF | ) |
| AMERICA, INC., *et al.*, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM & ORDER ON
## <u>MOTION TO FILE ANSWER OUT OF TIME</u>

In the present action, Plaintiff Pamela Hall alleges she was subject to employment discrimination and retaliation in violation of the Family Medical and Leave Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act.  (Doc. 1.)  Plaintiff contends she was forced to terminate her employment, while Defendants Life Care Centers of America ("Defendant LCCA" or "LCCA") and Michelle Yosick ("Defendant Yosick" or "Yosick") contend Plaintiff did so voluntarily.

Now before the Court is Defendant Yosick's Motion to File Answer Out of Time.  (Doc. 78.)  Having reviewed the submissions of the parties, Defendant's motion is **GRANTED**.

1

## **FACTUAL BACKGROUND**

Plaintiff filed her Complaint on October 25, 2016, alleging violations of the Family Medical and Leave Act, the Americans with Disabilities Act and the Age Discrimination in Employment Act by Defendant LCCA and Defendant Yosick. (Doc. 1.) Defendant LCCA filed its Answer on December 30, 2016 (Doc. 9), while Defendant Yosick filed a Motion to Dismiss the FLMA claim brought against her (Docs. 11, 12). Yosick's Motion to Dismiss was denied by the District Court on February 10, 2017. (Doc. 15.)

Yosick concedes that upon the District Court's denial of her Motion to Dismiss, she failed to file an Answer to Plaintiff's Complaint. (Doc. 78, at 2.) "Though the Court's order [denying the Motion to Dismiss] did not direct Yosick to file an Answer, she was obligated to do so within 14 days pursuant to Rule 12(a)(4)(A). Unfortunately, due to an administrative error, this deadline was not calendared, and undersigned counsel mistakenly overlooked the deadline." (*Id*.)

The case proceeded with a scheduling conference, the entry of the Scheduling Order, and commencement of discovery. There was no mention of Yosick having failed to file an Answer. During Yosick's deposition on March 2, 2018, "Plaintiff's counsel, for the first time, noted the missing Answer." (*Id*., at 3.) Defendant Yosick filed the present motion later that same day. (*Id*.)

## ANALYSIS

Federal Rule of Civil Procedure 6(b)(1)(B) states the standard for allowing a party to file a pleading out of time. The rule provides in pertinent part, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "It is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." ***Alsbrooks v. Collecto, Inc.***, No. 10-2271-JTM, 2010 WL 4067145, at *2 (D. Kan. Oct. 15, 2010).

When determining whether a party's actions constitute excusable neglect, a court typically considers the following four factors:  "(1)  the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party." ***Scott v. Power Plant Maint. Specialists, Inc.***, No. 09-2591, 2010 WL 1881058, at *4 (D.Kan. May 10, 2010).  "The reason for the delay in filing the answer is an important, if not the most important, factor in this analysis." *Id.* (citation omitted).  "The decision to permit the late filing of a pleading lies within the court's discretion, and 'the preferred disposition of any case is upon its merits and not by default judgment.'" ***Claimsolution, Inc. v. Claim Solutions, LLC***, No.

17-2005-JWL-GEB, 2017 WL 2225225, at *2 (D. Kan. May 22, 2017) (internal citation omitted).

Plaintiff argues that Defendant Yosick's reliance on an "administrative error" and that "counsel mistakenly overlooked the deadline" fails to establish excusable neglect. (Doc. 82, at 4; Doc. 78, at 2.) Plaintiff reminds the Court that Defendant previously opined that "inadvertently" failing to include a deadline in Plaintiff's counsel's computerized notification system did not establish excusable neglect when Plaintiff asked to file a motion to compel out of time. (Doc. 82, at 3-4; Doc. 54, at 7.) The Court recognizes the contradiction in Defendant's positions in the two motions. That stated, the Court disagreed with Defendant in the context of Plaintiff's prior motion and found that the inadvertence caused by an administrative error *did* establish excusable neglect on behalf of Plaintiff. (Doc. 55, text entry.) The Court reaches the same conclusion herein and finds that Defendant has established excusable neglect for failing to file an Answer to Plaintiff's Complaint.

Plaintiff has not been prejudiced by Yosick's failure to Answer. Plaintiff argues that while Yosick's deposition has been taken, "although Plaintiff's counsel did take Yosick's deposition, the questioning of her focused on subjects separate and apart from what she had already admitted to by not responding to Plaintiff's Complaint." (Doc. 82, at 2.) Plaintiff contends that allowing Defendant to Answer

4

now "would necessitate reopening her deposition for questioning as to all things she's already admitted." (*Id*., at 3.)  The Court is not persuaded by this predicament as it is self-inflicted.  Plaintiff's counsel was aware at the time of Yosick's deposition that she had not filed an Answer and was free to ask whatever questions it saw fit within the bounds of discovery.[1]

While the Court acknowledges Plaintiff's concern at the length of the delay in filing the Answer is alarming (Doc. 82, at 9), the Court finds that there is no evidence of bad faith on the part of Defendant.  Given that "'the preferred disposition of any case is upon its merits and not by default judgment,'" *Claimsolution*, 2017 WL 2225225, at *2, the Court **GRANTS** Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Yosick's Motion to File Answer Out of Time (Doc. 78) is **GRANTED**.  Defendant's Answer shall be filed, in the form attached to her motion, **within fourteen (14) days** of the date of this Order.

IT IS SO ORDERED.

Dated this 1st day of May, 2018, at Wichita, Kansas.

---

[1] Even if Plaintiff determines that re-opening the deposition is necessary, this is preferable to disallowing the Answer.  Should Plaintiff determine that she needs to re-open the deposition, the parties are instructed to confer regarding this issue.

s/ K<small>ENNETH</small> G. G<small>ALE</small>
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE

        s/ K<small>ENNETH</small> G. G<small>ALE</small>
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE