# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 16-2729-JTM-KGG |
| | ) |
| LIFE CARE CENTERS OF | ) |
| AMERICA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER ON
## MOTION TO TAKE DEPOSITION OF IN-HOUSE COUNSEL

Plaintiff Pamela Hall has filed a motion seeking leave to take the deposition of Defendant LCCA's in-house counsel Theodore Lu outside the discovery deadline. (Doc. 93.) Having reviewed the submissions of the parties, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff Pamela Hall alleges violations of the Family Medical and Leave Act, the Americans with Disabilities Act and the Age Discrimination in Employment Act by Defendant LCCA and Defendant Yosick. (Doc. 1.) She alleges she was subject to employment discrimination and retaliation in violation of the Family Medical and Leave Act, the Americans with Disabilities Act, and the

Age Discrimination in Employment Act.  (Doc. 1.)  She contends she was forced to terminate her employment, while Defendants contend she did so voluntarily.

The discovery deadline in this case was March 2, 2018.  (Doc. 51, at 2.)  Plaintiff contends that she did not learn about Mr. Lu's involvement in Plaintiff's termination until approximately a week before the discovery cutoff, making it impossible for her to meet the deadline.  (Doc. 93, at 1.)

## ANALYSIS

Plaintiff brings the present motion pursuant to Fed.R.Civ.P. 6(b)(1)(B), which allows a party to perform an act after the expiration of the relevant deadline upon a showing of "excusable neglect."  Defendants argue that Plaintiff's reliance on Rule 6 is incorrect; rather, Plaintiff must meet the standards of Fed.R.Civ.P. 16(b)(4), which governs modifications of the Scheduling Order and mandates that "[a] schedule may be modified only for good cause and with the judge's consent."

> To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Parker v. Central Kansas Medical Center***, 178 F.Supp.2d 1205, 1210 (D.Kan.2001); ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan.1993). 'This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.' ***In re Daviscourt***, 353 B.R. 674, (B.A.P. 10th Cir.2006) (citing ***Burks v. Okla. Publ'g Co.***, 81 F.3d 975, 978-79 (10th Cir.1996)).

***Grieg v. Botros***, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug. 12, 2010).  It is well-established in this District that motions to modify a

scheduling order focus "on the diligence of the party seeking to modify the scheduling order." *Id.* (citing **Leviton Mfg. Co., Inc. v. Nicor, Inc.**, 245 F.R.D. 524, 528 (D.N.M.2007) (internal citations omitted)). Defendant contends that "Plaintiff does not even cite, much less address, the standard governing a motion for leave to take a deposition after the close of discovery." (Doc. 95, at 2.) As such, Defendant contends that Plaintiff's motion must be denied on the merits.

Although Plaintiff has not cited Rule 16 and does not discuss the concept of "good cause," she does explain why she did not attempt to depose Mr. Lu within the discovery deadline.

> Plaintiff learned about Mr. Lu's involvement in Plaintiff's termination during the deposition of Jamie Corridini [sic], roughly a week before the discovery deadline. During the deposition of Defendant Yosick, taken on February 27, 2018, defense counsel first produced a letter sent to Plaintiff, that was directed by Mr. Lu, which letter was said by Corridini to be part of Plaintiff's personnel file, but Defendants didn't produce it as part of her file.

(Doc. 93, at 1-2.)

Defendants contend that this "claim is not credible," pointing to certain other correspondence between Plaintiff's counsel and Mr. Lu from March and April 2016. (*Id.*) According to Defendants, the testimony of Corradini and Yosick in February 2018 "that they sought and received legal advice from Mr. Lu regarding Plaintiff . . . revealed nothing new." (*Id.*) Defendants point to the inconsistency of

Plaintiff arguing on one hand that she "'could not have reasonably met the scheduled deadline'" of March 2018 to depose Mr. Lu with due diligence when on the other hand her counsel was aware of Lu's role in this litigation approximately two years before the discovery deadline. (*Id*.) Defendant further argues that "[i]t is neither shocking nor revelatory that [Defendant LCCA] managers sought legal advice from . . . in-house counsel about [an LCCA] employee." (*Id*.)

The Court finds that Plaintiff has not established good cause to modify the Scheduling Order to depose Theodore Lu out of time. Her motion (Doc. 93) is **DENIED** on this basis.[1]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Take Deposition (Doc. 93) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 11th day of July, 2018.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge

---

[1] Even assuming Plaintiff was able to establish good cause to depose Mr. Lu out of time, the Court has significant concerns that she would be able to meet the criteria to depose counsel for an opposing party – that (1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. ***Simmons Foods, Inc. v. Willis***, 191 F.R.D. 625, 630 (D. Kan. 2000). *See also* Doc. 95, at 6-9.