IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA HALL, )
)
Plaintiff, )
)
v. ) Case No.: 16-2729-JWB-KGG
)
LIFE CARE CENTERS OF )
AMERICA, INC., *et al.*, )
)
Defendant. )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff Pamela Hall's "Motion for an Order as to Defendant's Claims of 'Privilege.'" (Doc. 92.) Having reviewed the submissions of the parties, Plaintiff's motion is **DENIED** as more fully set forth below.

## BACKGROUND

Plaintiff alleges she was subject to employment discrimination and retaliation in violation of the Family Medical and Leave Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. (Doc. 1.) Plaintiff contends she was forced to terminate her employment, while Defendants Life Care Centers of America ("Defendant LCCA" or "LCCA") and Michelle Yosick ("Defendant Yosick" or "Yosick") contend Plaintiff did so voluntarily.

1

The present motion concerns Plaintiff's First Document Requests, which it served on July 20, 2017. (Doc. 92, at 2.) Responses were served by Defendant LCCA on September 5, 2017, but no documents were produced. (Doc. 92-2.) In response to 15 of the requests, Defendant indicated that "privileged" documents would not be produced. No privilege log was provided, however. Certain documents were served on September 21, 2017, but no privilege log was included. Thereafter, Plaintiff's counsel requested a telephone conference with the Court on, which occurred on September 29, 2017. (Doc. 47, text entry; 9/29/17 text entry.) During the conference, Plaintiff raised the issue of Defendants' raising the privilege objections without providing a privilege log. (*See* Doc. 92-3.)

According to Plaintiff,

> Five months later (on February 2, 2018 - the same day Defendants' response [Doc.63] to Plaintiff's Motion for Enforcement [Doc. 58] was due, and one month before the discovery deadline), Defendants served supplemental responses to several of Plaintiff's First Document Requests. (See Exhibit D). Specifically, as to seven of the previous responses served . . . , Defendants supplemented them but – as to each of them – it was still indicated that 'privileged' documents would not be produced. The remaining eight responses, which previously had raised privilege, were not supplemented and the objections were not withdrawn. No Privilege Log was produced in connection with Defendants' supplemental responses served on February 2, 2018, even though Plaintiff's Motion for Enforcement again raised this as an issue and asked that the Court determine the privilege objections had been waived. (Doc. 58).

2

(Doc. 92, at 2.)

Defendants ultimately served a privilege log on February 24, 2018, a week before the discovery deadline. (Doc. 92, at 2; Doc. 92-5.) The log lists ten items, but, according to Plaintiff,

> fails to differentiate between who authored, received, or were carbon copied on the documents, fails to identify what type of documents or how many pages they are, there are no titles of the 'Author'(s) listed and many of the people listed are unknown, there are multiple dates listed, and the 'Description'(s) of the documents are too vague for Plaintiff or the Court to assess whether the documents are appropriately being withheld as privileged.

(Doc. 92, at 2-3.) Plaintiff's counsel emailed defense counsel about the alleged deficiencies of the privilege log on March 13, 2018, and April 4, 2018. (Doc. 92-1.) Defendant did, however, serve a supplemental privilege log on April 4, 2018, after this motion was filed. (Doc. 92-6.) Plaintiff contends the supplemental log is also deficient. (Doc. 92, at 3.) The present motion was filed two days later.

## ANALYSIS

**I.    Legal Standards.**

Defendant points out that Plaintiff's motion was filed beyond the time allowed for discovery motions enumerated by D. Kan. Rule 37.1. Pursuant to D. Kan. Rule 37.1(b),

> [a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 **must be filed and served**

> **within 30 days of the default or service of the response, answer, or objection that is the subject of the motion**, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived.

(Emphasis added.) The purpose of the rule "is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation." ***Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.***, No. 05-2001-DJW, 2008 WL 5046345, at *1 (D. Kan. Nov. 24, 2008) (citing ***Continental Cas. Co. v. Multiservice Corp.***, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008)).

When a discovery motion is filed after the time allowed by D. Kan. Rule 37.1(b), the Court will determine if there is "excusable neglect" for the untimely filing. To do so, the Court considers the following factors: "(1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings." ***Grider v. Shawnee Mission Med. Cntr., Inc.***, NO. 16-2750-DDC-GLR, 2018 WL 2225011 (D. Kan. May 15, 2018) (internal citation omitted).

The Court finds Plaintiff's motion to be untimely and does not establish excusable neglect. Plaintiff argues her 30-day period to file the present motion did not begin to run until Defendants served their supplemental privilege log February

24, 2018, thus the 30-day period in which to file the present motion would have run on March 26, 2018. (Doc. 108, at 1-2.) Local Rule 37.1 is not solely triggered by the service of a deficient "response, answer, or objection," however. It is also triggered by a party *defaulting* in a discovery obligation. If the motion is not filed within 30 days, "the objection to the default, response, answer, or objection is waived."

Plaintiff's 30-day window to file the present motion began to run when Defendant served their discovery responses that included the privilege objection – but did not include a privilege log – on September 5, 2017. (Doc. 92-2.) Defendant also served supplemental discovery responses on February 2, 2018. (Doc. 62.) Again, "[n]o Privilege Log was produced in connection with Defendants' supplemental responses served on February 2, 2018." (Doc. 92, at 2.) Even assuming this default reset the 30-day window to file the present motion, that the motion should have been filed on or before March 5, 2018 – a month before Plaintiff did so. The 30-day rule in D. Kan. 37.1 is intended to promote the timely an efficient completion of discovery. *See* Fed.R.Civ.P. 1. This object is frustrated by an attempt to litigate issues relating to the same discovery response *in seriatim*.

The Court is aware that the parties had certain communication regarding the discovery responses and privilege log in the intervening months. The Court is also sympathetic with Plaintiff's contention that his attempts to confer "were largely

ignored by Defendants . . ." (Doc. 108, at 2.) In this District, however, "although some courts have found an untimely motion to compel excusable in certain circumstances, the Court finds nothing to suggest that the time limitation in D. Kan. Rule 37.1(b) is tolled while the parties attempt to resolve their disputes without court intervention." *Layne Christensen Co. v. Purolite Co.*, No. 09-2391-JWL-GLR, 2011 WL 124538, at *3 (D. Kan. Jan. 14, 2011). Rather, the proper procedure "is for a party to request, prior to expiration, an extension of the deadline to file a motion to compel with respect to any discovery dispute upon which the parties are still conferring." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12-2350-SAC, 2014 WL 12595196, at *2 (D. Kan. Sept. 8, 2014) (internal citations omitted).

Plaintiff has not demonstrated good cause for filing this motion out of time. As such, Plaintiff's motion (Doc. 92) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 92) is **DENIED**.

IT IS SO ORDERED.

Dated this 18th day of July, 2018, at Wichita, Kansas.

                        S/ KENNETH G. GALE
                        HON. KENNETH G. GALE
                        U.S. MAGISTRATE JUDGE