IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PAMELA HALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:16-cv-02729-JWB-KGG |
| | ) | |
| **LIFE CARE CENTERS OF AMERICA,** | ) | |
| **INC. (D/B/A LIFE CARE CENTER OF** | ) | |
| **KANSAS CITY), et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER

"[T]he attorney-client privilege is so sacred and compellingly important that the courts must, within their limits, guard it jealously." *Cypress Media, Inc. v. City of Overland Park*, 997 P.2d 681, 689 (Kan. 2000) (quoting *Klitzman, Klitzman & Gallagher v. Krut*, 744 F.2d 955, 960 (3d Cir. 1984)). Plaintiff is so set on breaching Defendants' privilege that she now takes aim at this Court, accusing the Court of committing clear error—i.e., issuing "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *See Wright ex rel. Trust Co. of Kan. v. Abbott Labs, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (defining "clear error"). Plaintiff is wrong; the Court properly concluded Plaintiff's Motion for an Order Regarding Defendants' Claims of Privilege (Doc. 92) (the "Privilege Motion") was untimely. The Court should deny Plaintiff's motion to reconsider.

### A.    Motions to reconsider are disfavored.

"The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'" *Hirt v. Unified School District No. 287*, No. 17-CV-02279-GLR, 2017 WL 6619325, at *2 (D. Kan. Dec. 28, 2017) (internal citation omitted). Motions to reconsider "do[ ] not permit a party to 'revisit issues already addressed or to advance arguments

that could have been raised in prior briefing.'" *Id.* (internal citations omitted). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Id.* Whether to grant a motion to reconsider "is left to the court's discretion." *Id.*

The District of Kansas Local Rules provide only three grounds for seeking a motion to reconsider: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b). Here, Plaintiff cites the third ground—clear error or manifest injustice. To show clear error, Plaintiff must show the Court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Estate of McDermed by and through McDermed v. Ford Motor Co.*, No. 14-2430-CM, 2017 1492931, at *3 (D. Kan. Apr. 26, 2017) (quoting *Wright ex rel. Trust Co. of Kan.*, 259 F.3d at 1236). To show manifest injustice, Plaintiff must, as a threshold matter, demonstrate "direct, obvious, and observable error" in the Court's decision. *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011). Plaintiff must then demonstrate "that the injustice from the case is 'apparent to the point of being indisputable.'" *Id.* (internal citation omitted). As this Court has noted, the mere fact that Plaintiff "is clearly not happy with the Court's decision" is not sufficient to establish clear error and manifest injustice. *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2015 WL 6473477, at *5 (D. Kan. Oct. 27, 2015).

### B.     The Court did not err in finding Plaintiff's Privilege Motion untimely.

There is no doubt Plaintiff waited too long to file her Privilege Motion. In that motion, Plaintiff sought three things: (1) an order requiring Defendants to perform searches for documents and ESI created by their lawyers; (2) a ruling that Defendants waived their privilege objections; and (3) as an alternative, an order requiring Defendants to provide an amended

privilege log. All three requests related to Defendants' assertion of attorney-client privilege. As the Court noted, however, Defendants first objected on the basis of privilege (and without serving a privilege log) on September 21, 2017. (Doc. 115 at 5). Plaintiff filed the Privilege Motion on April 6, 2018—nearly seven months later. (Doc. 92). There is no set of extensions and excuses Plaintiff can cobble together to make the deadline for filing a motion to compel balloon from thirty days, D. Kan. Rule 37.2, to seven months.[1]

Plaintiff now claims the Court erred in finding her Privilege Motion untimely because, in her view, the 30-day clock reset each time Defendants served supplemental discovery responses and when Defendants served their initial and supplemental privilege logs. As an initial matter, Plaintiff already made these arguments in her briefing on the Privilege Motion. *See* Doc. 108 at 1-2, 18. The Court apparently did not find them persuasive. That does not provide a basis for seeking reconsideration. *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, --- F. Supp. 3d ----, 2018 WL 1083261, at *7 (D. Kan. Feb. 28, 2018) ("Such a motion is not an appropriate device to revisit issues already addressed . . . .") (internal citations omitted). Moreover, it was not erroneous for the Court to interpret its local rules to render the Privilege Motion untimely. "[D]istrict courts enjoy broad discretionary power" when interpreting and applying their local rules. *Kendall State Bank v. Archway Ins. Servs., LLC*, No. 10-2617-KHV, 2013 WL 3283955, at *3 (D. Kan. June 28, 2013). *See also Glover v. Heart of Am. Mgmt. Co.*, 38 F. Supp. 2d 881, 883 (D. Kan. 1999) ("The Court uses its discretion in its application of the local rules.").

---

[1] Indeed, it is ironic that Plaintiff attacks the Court's decision because, but for the Court's prior intervention on her behalf, Plaintiff would have waived her right to challenge Defendants' privilege objection long ago—when she missed the November 22, 2017 deadline to file such a motion. *See* Doc. 55. The Court ultimately accepted Plaintiff's plea of excusable neglect and gave her until January 5, 2018 (subsequently extended to January 8, 2018), to file her motion. *Id.* She did not file the Privilege Motion at issue until three months later, on April 6, 2018. Plaintiff cannot credibly claim error or manifest injustice for denial of a motion she *twice* failed to timely file.

Here, D. Kan. Rule 37.1 governs the timeliness of discovery motions. As the Court noted, the 30-day clock on a discovery motion starts to run following a default on a discovery obligation. (Doc. 115 at 3-4) (quoting D. Kan. Rule 37.1). One purpose of the rule "is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation." *Id.* at 3 (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.*, No. 05-2001-DJW, 2008 WL 5046345, at *1 (D. Kan. Nov. 24, 2008)). Another purpose is "to promote the timely and efficient completion of discovery." *Id.* at 5 (citing Fed. R. Civ. P. 1). Those objectives are "frustrated by an attempt to litigate issues relating to the same discovery response *in seriatim*," as Plaintiff did here. *Id.* Thus, the Court deemed Plaintiff's nearly seven-month delay in filing the Privilege Motion to run afoul of D. Kan. Rule 37.1.

Plaintiff clearly disagrees with the Court's interpretation of D. Kan. Rule 37.1. *See* Doc. 117 at 6 (providing Plaintiff's interpretation). But Plaintiff's disagreement does not render the Court's decision improper. *AKH Co., Inc.*, 2015 WL 6473477 at *5 ("Further, although Gauntlet is clearly not happy with the Court's decision, it has failed to establish the existence of clear error or manifest injustice."). That is the essence of "broad discretion"—there are many permissible ways to interpret each local rule, and it is *the Court's* prerogative, not Plaintiff's, to decide which interpretation the Court prefers. Likewise, there mere fact that some courts within the District of Kansas may exercise *their* discretion differently than this Court does not render one court's approach correct and another's erroneous. That is not how discretion works. The Court's exercise of its discretion here was not clear error.

Plaintiff also claims the Privilege Motion was timely because she addressed Defendants' privilege objection in a *different* motion—her Motion to Enforce Discovery (Doc. 58). Plaintiff is correct about one thing—she did raise the issue of Defendant's privilege objection in her

Motion to Enforce Discovery. That fact, however, is fatal to Plaintiff's argument for reconsideration here.

In her Motion to Enforce Discovery, Plaintiff asked the Court to deem Defendants' privilege objections waived because Defendants had not produced a privilege log. (Doc. 58 at 2). But the Court ruled on Plaintiff's Motion to Enforce Discovery more than three months ago, (Doc. 99), and in that ruling did *not* grant Plaintiff's waiver request. Despite seeking and receiving an extension of time to do so, (Docs. 109, 110), Plaintiff never sought reconsideration of that order. She thus has waived her right to do so. D. Kan. Rule 7.3(b) (requiring that motions to reconsider be filed within 14 days after issuance of the order). Plaintiff's Privilege Motion, and now her motion to reconsider, are little more than attempts to relitigate what she already sought and did not receive in the Motion to Enforce Discovery. They are thus examples of what the Court identified as improper "attempt[s] to litigate issues relating to the same discovery response *in seriatim*." (Doc. 115 at 5).

Plaintiff waited too long to file her Privilege Motion. Though Plaintiff may not agree with it, nothing in the Court's decision exceeded its broad discretion to interpret and apply D. Kan. Rule 37.1. Accordingly, the Court did not commit clear error.

### C.   There is no manifest injustice in denying Plaintiff's request for Defendants' privileged information.

Plaintiff has been on a scorched-earth crusade to obtain Defendants' privileged information and documents. In so doing, Plaintiff has ignored that "the attorney-client privilege is so sacred and compellingly important that the courts must, within their limits, guard it jealously." *Cypress Media, Inc.*, 997 P.2d at 689. The Federal Rules of Civil Procedure enshrine that fundamental principle and specifically exclude privileged documents and information from the scope of discovery. Fed. R. Civ. P. 26(b)(1). It cannot be manifestly unjust to deny a motion

seeking relief to which the movant is not entitled. Additionally, Plaintiff's nearly seven-month delay in filing the Privilege Motion counsels against any finding of injustice.

Though Plaintiff repeats the term "unjust" throughout her motion to reconsider, she almost always does so without any explanation of *how* the Court's order was unjust. Indeed, Plaintiff does not even cite the legal standard for finding manifest injustice. The only articulated basis for Plaintiff's argument of injustice is her claim "that LCCA's in-house lawyers and staff **were directly involved** in interference with Plaintiff's FMLA rights and her termination." (Doc. 117 at 10) (emphasis in original). That argument misses the point of privilege.

First, as discussed above, Part B, the Court was well within its discretion to find Plaintiff's seven-month delay in filing the Privilege Motion was incompatible with D. Kan. Rule 37.1. That in and of itself is fatal to Plaintiff's claim of manifest injustice. *See Tri-State Truck Ins., Ltd.*, 2011 WL 4691933 at *3 (noting a manifest injustice claim requires the threshold showing of "direct, obvious, and observable error" in the Court's decision).

Second, the LCCA in-house counsel at issue has already told the Court, under oath, that his conversations with LCCA employees in February 2016 regarding Plaintiff were for the purpose of providing legal advice. (Doc. 95 at 8). The attorney-client privilege does not depend on how intensely a party wants access to information or how relevant that information is; it depends on whether legal advice was sought and rendered. Here, it was. Though Defendants deny any assertion that LCCA's in-house counsel "interfer[ed] with Plaintiff's FMLA rights" or terminated Plaintiff's employment, that assertion is ultimately irrelevant to the issue of privilege. The fact Plaintiff has been denied something she *really really* wants does not establish manifest injustice.

Third, Plaintiff admits the relief she sought in her Privilege Motion—which she terms "Privilege Relief"—is something she also sought in her Motion to Enforce Discovery. *See* Doc. 117 at 10. The Court reached the merits of that motion without awarding Plaintiff the "Privilege Relief" she sought. (Doc. 99). Plaintiff did not seek reconsideration of that order and is past time to do so. It is not manifestly unjust to deny Plaintiff's Privilege Motion as untimely when she already had a full and fair opportunity to litigate her "Privilege Relief" argument on the merits.

Plaintiff cannot establish the threshold element of "direct, obvious, and observable error," much less that injustice is "undeniable." There is no manifest injustice in the Court's order.

### D.     Reconsideration would change nothing—Defendants' privilege log is sufficient.

Plaintiff has failed to show clear error or manifest injustice in the Court's order. Accordingly, the Court should deny Plaintiff's motion to reconsider. But even if the Court reconsidered its order, the outcome would be the same—denial of Plaintiff's Privilege Motion.

The dispute over Defendants' privilege log ultimately involves just one entry (number eight) on Defendants' ten-entry log. As covered in Defendants' opposition to Plaintiff's Privilege Motion, the first seven entries on the privilege log are wholly irrelevant to the claims and defenses in this matter. (Doc. 96 at 6). They are responsive (and thus included on the log) only because Defendants agreed to Plaintiff's wildly overbroad request to search for any email containing Plaintiff's name. The final two entries on Defendants' log are placeholder or category entries that reflect all documents created after a certain date—Defendants' receipt of Plaintiff's Charge of Discrimination—which the parties agreed not to individually log.

Thus, Plaintiff's objection to the privilege log comes down to entry eight. That entry reflects four emails, covering a whopping six pages, between Jamie Corradini, Kelley Falcon, Annette Sharp, and in-house counsel Theodore Lu. Plaintiff is or should be aware of the titles of

each of the identified individuals, and the privilege description is more than sufficient to identify the basis for privilege: communications seeking legal advice about a separation agreement.

Moreover, Defendants cited District of Kansas authority holding where, as here, "each and every separate e-mail within a strand is limited to a distinct and identifiable set of individuals, all of whom are clearly within the attorney-client relationship in which legal advice is being sought or given, *listing the email strand as one entry on the privilege log might be regarded as sufficient*." (Doc. 96 at 5-6) (emphasis added) (quoting *In re: Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2010 WL 11431877, at *1 (D. Kan. Nov. 8, 2010)). Thus, the Court would be well within its discretion to find entry eight of Defendants' privilege log sufficient. Ultimately, however, this is analysis the Court need not undertake because the Court did not err in denying Plaintiff's Privilege Motion as untimely.

### E.      Conclusion.

Although Plaintiff is not happy with the Court's decision, she has failed to establish the existence of clear error or manifest injustice. After reviewing the parties' extensive briefing on Plaintiff's Privilege Motion, the Court concluded the motion was untimely. The Court's decision rested on solid legal and factual grounds, and nothing in Plaintiff's motion to reconsider undermines those grounds. Moreover, the attorney-client privilege is the bedrock of our legal system and the Federal Rules of Civil Procedure specifically exempt privileged information from the scope of discovery. There is nothing unjust about denying Plaintiff's motion seeking privileged information she never had the right to access in the first place. Accordingly, and for the foregoing reasons, the Court should deny Plaintiff's motion to reconsider.

Respectfully submitted,


*/s/ Kyle A. Kitson*

Anthony J. Romano, #13486
Kyle A. Kitson, #26277
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
aromano@littler.com
kkitson@littler.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2018, the above and foregoing was filed using the Court's CM/ECF system, which sent notice of same to the following counsel of record:

Patrick G. Reavey
Kevin Koc
REAVEY LAW LLC
Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, MO  64102
preavey@reaveylaw.com
kkoc@reaveylaw.com

ATTORNEYS FOR PLAINTIFF


*/s/ Kyle A. Kitson*

Attorney for Defendants