UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA HALL )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>LIFE CARE CENTERS OF )<br>AMERICA, INC. (D/B/A LIFE )<br>CARE CENTER OF KANSAS CITY )<br>MICHELLE YOSICK )<br>)<br>      Defendants ) | Case No. 2:16-cv-02729- JTM-KGG |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Plaintiff, by and through counsel, submits the following Reply in support of Doc. 117:

**I.  The Court should scrutinize and disregard Defendants' Opposition brief because much of it misrepresents or omits critically important facts.**

Defendants begin their Opposition brief by touting how critically important the attorney-client privilege is, and then suggesting Plaintiff is so desperate to get Defendants' privileged materials that "she now takes aim at [the] Court, accusing [it] of committing clear error". (Opposition at p. 1). In support of Plaintiff's apparent craving for Defendants privileged materials, the Opposition inaccurately describes Plaintiff's Privilege Motion as seeking "an order requiring Defendants to perform searches for documents and ESI **created by their lawyers**". (emphasis added).[1] But, other than seeking a waiver of privilege based on

---

[1] Actually, the Privilege Motion seeks an Order "[c]ompelling Defendants to conduct good faith searches for documents and ESI that: (a) Are responsive to Plaintiff's First Document Requests … and (b) which were -- on or before May 19, 2016 -- created by, in the possession of, and/or were exchanged with, lawyers or legal staff working on behalf of [LCCA]." (Doc. 92 at p. 1).

1

Defendants' failure to follow the rules, Plaintiff is not asking, and has not asked, for Defendants' privileged materials. Instead, Plaintiff has persistently resisted Defendants' broad-brush efforts to wall off the in-house legal department from searches for responsive documents. Yet, instead of accurately describing the dispute at issue (i.e. Plaintiff believes the in-house legal department should be subject to searches for documents responsive to Plaintiff's document requests, while Defendants believe "privilege" insulates the department from any searches at all), Defendants cast their Opposition in terms suggesting Plaintiff is brazenly asking the Court to force Defendants to search for privileged documents, and then turn them over to Plaintiff.

The tone set by the Opposition is that Plaintiff is to blame for causing the need for the Court to resolve yet another discovery dispute in this case. But the entire reason for the Court dealing with the current issue stems from Defendants' failure to follow the Rules. Despite creative arguments about why it was proper for them to object on the grounds of privilege in September, but then wait until a week before the discovery deadline in February to serve a privilege log (e.g. the privilege log requirement supposedly doesn't ripen when the objection is made, rather only when documents are produced), Defendants -- plain and simple -- defaulted on their obligation to serve a privilege log contemporaneous with objecting on the basis of privilege. This was confirmed by the Court when it entered its Order on July 18, 2018 finding that Defendants defaulted on their privilege log obligation on September 5, 2017, followed by another default in connection with its document production on February 18, 2018. (*See* Doc. 115 at p. 5).

At bottom then, if it is necessary or productive to assign blame for expenditure of judicial resources and frustration in dealing with the current issue, that blame must be assigned to no one other than Defendants.[2] The issue here no longer revolves around whether Defendants failed to follow the Rules (that question has already been definitively answered – they did), but instead centers on whether Defendants should get away with not following the Rules. And the answer to that particular question turns on whether Plaintiff adequately and timely sought the Court's assistance in rectifying Defendants' rule violations. Nothing about or within Plaintiff's motion for reconsideration "takes aim at [the] Court", nor is it intended to. Plaintiff simply points out that she did everything she could think of, and everything required and contemplated by the Rules, to seek the Court's assistance in ensuring Defendants adequately searched for responsive documents (regardless of what Department they resided in) and  --  in producing those documents  --  Defendants properly logged any documents withheld on the basis of privilege. Honestly, given the unorthodox manner in which Defendants went about responding and objecting to Plaintiffs' document requests, and then producing almost all of the responsive documents several months late and a week before the discovery deadline, which was then followed by their first privilege log, confusion about all of the instances when Defendants were in default, and what Plaintiff did to cure each of those defaults, is understandable.

In its press to maintain the Court's untimeliness determination, Defendants state the following:

---

[2] In this regard, it should be remembered that the only other motion to compel filed in this case (Doc. 58) [which no doubt involved significant judicial resources] was caused by Defendants refusing to produce basic discovery until **after** the motion was filed and, even with that, most of what was requested by Plaintiff in the motion was granted by the Court.

> As the Court noted, however, Defendants first objected on the basis of privilege (and without serving a privilege log) on September 21, 2017. (Doc. 115 at 5). Plaintiff filed the Privilege Motion on April 6, 2018 – nearly seven months later. (Doc. 92). There is no set of extensions and excuses Plaintiff can cobble together to make the deadline for filing a motion to compel balloon from thirty days, D. Kan. Rule 37.2, to seven months.

(Opposition at p. 3). Strangely and unfairly, Defendants fail to mention that, during the seven-month period referenced, there were numerous occasions in which they promised, to Plaintiff **and the Court**, a privilege log would be provided. These promises are mentioned nowhere in Defendants' Opposition.

## II. Defendants' discretion arguments are unpersuasive.

Defendants suggest the Magistrate is free to disagree with other District of Kansas cases if he interprets a local rule differently than other District of Kansas judges. But there are no factually similar District of Kansas cases supporting the Magistrate's interpretation, rather all of them comport with Plaintiff's interpretation. And the text of the Rule itself supports Plaintiff's interpretation. The Magistrate's decision exceeds the discretion he has.

## III. Filing a motion for reconsideration, as advocated by Defendants, makes no sense given that Plaintiff's Privilege Motion was filed before the Court Ruled on Doc. 58.

Defendants suggest Plaintiff should have pursued a motion for reconsideration of the Court's ruling on Doc. 58 in lieu of filing her Privilege Motion. But this makes no sense because, at the time she filed her Privilege Motion, the Court had not yet ruled on Doc. 58. Thus, by the time the Court issued its ruling on Doc. 58, Plaintiff's Privilege Motion was already filed and pending. And in responding to the Privilege Motion, Defendants made no mention of the contention they now make about Plaintiff filing a motion for reconsideration.

4

Respectfully Submitted,

**REAVEY LAW LLC**

By:  /s/Kevin C. Koc              .
　　　Patrick G. Reavey KS# 17291
　　　Kevin C. Koc KS# 24953
　　　Livestock Exchange Building
　　　1600 Genessee Suite 303
　　　Kansas City, MO 64102
　　　Ph: 816.474.6300
　　　Fax: 816.474.6302
　　　Email: preavey@reaveylaw.com
　　　Email: kkoc@reaveylaw.com
　　　Website: www.reaveylaw.com

## CERTIFICATE OF SERVICE

　　　I hereby certify that on this 30 day of August 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Anthony J. Romano, #13486
Uzo N. Nwonwu, #23492
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
aromano@littler.com
unwonwu@littler.com
ATTORNEYS FOR DEFENDANTS

　　　　　　　　　　　　　　　　　　　　/s/ Kevin C Koc.