IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA HALL, )
 )
            Plaintiff, )
 )
v. )    Case No.: 16-2729-JWB-KGG
 )
LIFE CARE CENTERS OF )
AMERICA, INC., *et al.*, )
 )
           Defendant. )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Motion for Reconsideration (Doc. 117) of the Court's Order (Doc. 115) on her "Motion for an Order as to Defendant's Claims of 'Privilege'" (Doc. 92). Having reviewed the submissions of the parties, Plaintiff's motion (Doc. 117) is **GRANTED in part** as more fully set forth below.

## BACKGROUND

Plaintiff alleges she was subject to employment discrimination and retaliation in violation of the Family Medical and Leave Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. (Doc. 1.) Plaintiff contends she was forced to terminate her employment, while Defendants Life Care Centers of America ("Defendant LCCA" or "LCCA") and Michelle Yosick ("Defendant Yosick" or "Yosick") contend Plaintiff did so voluntarily.

1

The underlying discovery motion concerns Plaintiff's First Document Requests, which were served on July 20, 2017. (Doc. 92, at 2.) Responses were served by Defendant LCCA on September 5, 2017, but no documents were produced. (Doc. 92-2.) In response to 15 of the requests, Defendant LCCA indicated that "privileged" documents would not be produced. No privilege log was provided, however. Certain documents were served on September 21, 2017, but no privilege log was included. Thereafter, Plaintiff's counsel requested a telephone conference with the Court on, which occurred on September 29, 2017. (Doc. 47, text entry; 9/29/17 text entry.) During the conference, Plaintiff raised the issue of Defendants' raising the privilege objections without providing a privilege log. (*See* Doc. 92-3.)

On January 12, 2018, Plaintiff filed her "Motion to Enforce Discovery," relating to Defendant's responses to Plaintiff's First and Second Requests for Production. (Doc. 58.) Therein, Plaintiff contended that Defendant had "yet to file any responses or objections at all as to Plaintiff's First Requests for Production" and that no privilege log had been served. (Doc. 58, at 2.) Plaintiff specifically raised the privilege log issue as to drafts of the separation agreement she was presented by Defendant. (*Id.*, at 8.)

Thereafter, on February 2, 2018 (the same day Defendant's response to Plaintiff's Motion to Enforce Discovery was due),

> Defendants served supplemental responses to several of Plaintiff's First Document Requests. (See Exhibit D). Specifically, as to seven of the previous responses served . . . , Defendants supplemented them but – as to each of them – it was still indicated that 'privileged' documents would not be produced. The remaining eight responses, which previously had raised privilege, were not supplemented and the objections were not withdrawn. No Privilege Log was produced in connection with Defendants' supplemental responses served on February 2, 2018, even though Plaintiff's Motion for Enforcement again raised this as an issue and asked that the Court determine the privilege objections had been waived. (Doc. 58).

(Doc. 92, at 2.)

Defendants ultimately served a privilege log on February 24, 2018, a week before the discovery deadline. (Doc. 92, at 2; Doc. 92-5.) The log lists ten items, but, according to Plaintiff,

> fails to differentiate between who authored, received, or were carbon copied on the documents, fails to identify what type of documents or how many pages they are, there are no titles of the 'Author'(s) listed and many of the people listed are unknown, there are multiple dates listed, and the 'Description'(s) of the documents are too vague for Plaintiff or the Court to assess whether the documents are appropriately being withheld as privileged.

(Doc. 92, at 2-3.) Plaintiff's counsel emailed defense counsel about the alleged deficiencies of the privilege log on March 13, 2018, and April 4, 2018. (Doc. 92-1.) Defendant served a supplemental privilege log on April 4, 2018. (Doc. 92-6.) Plaintiff contends the supplemental log is also deficient. (Doc. 92, at 3.)

3

According to Plaintiff, the log does not comply with the requirements of this District because

> emails strings and attachments to emails are not listed separately, people listed are not described by title or whether they are employees of LCCA, all people listed are under a heading for 'Author' even though it is clear all of them are not, there is no indication of who the documents were prepared for, who the recipients are, or who was carbon copied, and the 'Description'(s) remain too vague for making a determination as to whether the documents come within the privilege.

(*Id.*)

The underlying discovery motion (Doc. 92) was filed two days later, on April 6, 2018. The motion sought an Order compelling Defendants to conduct searches for certain documents and ESI responsive to Plaintiff's First Document requests that were "created by, in the possession of, and/or were exchanged with, lawyers or legal staff working on behalf of Defendant [LCCA]" and ruling that Defendants' privilege objections had been waived, ordering Defendant to produce all documents listed on their privilege log and/or responsive to ordered searches. (*Id.*, at 1.) In the alternative, Plaintiff asked that Defendants "be ordered to immediately produce a Privilege Log for all documents withheld, or redactions made, on the basis of privilege . . . ." (*Id.*)

Before that motion was fully briefed, the Court entered its April 27, 2018, Order (Doc. 99) granting in part and denying in part Plaintiff's previous "Motion

to Enforce Discovery" (Doc. 58), which had been filed in January, discussed *supra*. Therein, the Court specifically instructed Defendants to provide a compliant privilege log as to any documents responsive to Plaintiff's Request No. 31 (documents regarding communications Yosick had regarding Plaintiff) that were being withheld based on the attorney-client privilege. (Doc. 99, at 10.)

Thereafter, the Court denied the underlying motion (Doc. 92) by Order dated July 18, 2018, finding that the motion was untimely pursuant to D. Kan. Rule 37.1 and that Plaintiff failed establish excusable neglect for its late filing. (Doc. 115.) Plaintiff brings the present motion to reconsider that Order, arguing that the untimeliness finding was "based on clear error and is manifestly unjust to Plaintiff." Doc. 117, at 1.)

## ANALYSIS

I. **Legal Standards.**

The Court's prior Order relied on D. Kan. Rule 37.1(b) to hold that Plaintiff's motion was filed beyond the time allowed for discovery motions. Pursuant to the rule,

> [a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 **must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion**, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived.

5

(Emphasis added.) The Court notes that Local Rule 37.1 is not solely triggered by the service of a deficient "response, answer, or objection" – it is also triggered by a party *defaulting* in a discovery obligation. If the motion is not filed within 30 days of the default or offending response, "the objection to the default, response, answer, or objection is waived." *Id*. The purpose of the rule "is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation." ***Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.***, No. 05-2001-DJW, 2008 WL 5046345, at *1 (D. Kan. Nov. 24, 2008) (citing ***Continental Cas. Co. v. Multiservice Corp.***, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008)).

In its prior Order, this Court held that Plaintiff's 30-day window to file the present motion began to run when Defendant served their discovery responses that included the privilege objection – but did not include a privilege log – on September 5, 2017. (Doc. 115, at 5 (citing Doc. 92-2).) The Court also acknowledged Defendant's service of supplemental discovery responses on February 2, 2018. (*Id*. (citing Doc. 62).) Again, "[n]o Privilege Log was produced in connection with Defendants' supplemental responses served on February 2, 2018." (*Id.*, (citing Doc. 92, at 2).) The Court thus held that "[e]ven assuming this default reset the 30-day window to file the present motion, that the motion should have been filed on or before March 5, 2018 – a month before Plaintiff did so."

6

(*Id.*)  The Court held that Plaintiff failed to prove "excusable neglect" for the untimely filing considering the following factors:  "(1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings."  (*See generally* Doc. 115; **Grider v. Shawnee Mission Med. Cntr., Inc.**, NO. 16-2750-DDC-GLR, 2018 WL 2225011 (D. Kan. May 15, 2018) (internal citation omitted).)

The Court thus inferred that the deadline to file a discovery motion regarding Defendants' responses passed 30 days after they served their initial discovery responses in September 2017.  (Doc. 115, at 5.)  The Court then indicated that the latest the deadline arguably could have expired was March 5, 2018 – 30 days after Defendants' supplemental discovery responses, which were served on February 2, 2018.  (*Id.*)

In her reply to the underlying motion, however, Plaintiff argued that her 30-day period to file the present motion did not begin to run until Defendants served their supplemental privilege log on February 24, 2018.  (Doc. 108, at 1-2.)  As such, Plaintiff contends that the 30-day period in which to file the present motion would have run on March 26, 2018, rather than March 5, 2018.  (Doc. 108, at 1-2.)

The Court acknowledges Plaintiff's reliance on the case of ***Neonatal Prod. Grp., Inc., v. Shields***, No. 13-2601-DDC, 2015 WL 7078796 (D. Kan. Nov. 13, 2015) for the proposition that a supplemental production serves as a new "triggering event" for the running of the 30-day deadline to file a motion to compel. (Doc. 117, at 7-8.) Further, Plaintiff argues – and the Court notes – that its Order Continuing Pretrial Conference acknowledged various discovery issues remaining between the parties and set an April 6, 2018, deadline for discovery motions. (Doc. 86, at 4; *see also* Doc. 117, at 12.) All things considered, the Court agrees that it erred in finding that Plaintiff had waived her right to file the present discovery motion. The production of the February 24, 2018, privilege log coupled with the Court's designation of the April 6, 2018, deadline to file discovery motions makes Plaintiff's underlying motion (Doc. 92) timely.

Plaintiff argued in the underlying motion that both the initial and supplemental privilege logs

> are significantly deficient in that they do not comply with clear directives set forth by this Court, and they clearly do not include all responsive documents because Defendants have excluded their in-house attorneys and legal staff from being custodians subject to ESI searches.

(*Id*., at 15.) The Court agrees. Plaintiff's Motion to Reconsider (Doc. 117) is, therefore, **GRANTED in part**. The Court thus orders that Defendants conduct a search for the requested documents and ESI that includes the LCCA legal

department and "immediately produce a Privilege Log for all documents withheld, or redactions made, on the basis of privilege . . . ." (Doc. 92, at 1.) The Court instructs Defendants that the log shall be conformance with the requirements of *Leftwich v. City of Pittsburg, Kansas*, No. 16-2112-JWL-GLR, 2017 WL 1338838, at *2 (D. Kan. April 12, 2017).

**IT IS THEREFORE ORDERED** that Motion to Reconsider (Doc. 117) is **GRANTED in part** as more fully set forth above. Defendants are instructed to provide a supplemental privilege log to Plaintiff on or before November 26, 2018. Thereafter, the parties are instructed to meet & confer as to additional issues resulting from the privilege log, if any, and inform the Court, within 2 weeks of receipt of the privilege log, whether additional discovery issues relating to the privilege log remain. Plaintiff is instructed that she must request an informal conference with the Court prior to filing any additional discovery motions.

IT IS SO ORDERED.

Dated this 25th day of October, 2018, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE